UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMIE LYNN STONER, ET AL.  PLAINTIFFS

v.  CIVIL ACTION NO. 3:13-CV-00762-CRS

DANNY L. PERCELL, ET AL.  DEFENDANTS

### MEMORANDUM OPINION

This matter is before the Court on the motion of Defendants William L. Danks, Jack Meyer, Frank L. Nelson, and Woodford R. Porter, Jr.,[1] for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) (DN 17).[2] Defendants assert that the Complaint (DN 1) of Plaintiffs Jamie Lynn Stoner and Stoner Family Funeral Home, LLC, ("Stoner Family") fails to state a claim upon which relief may be granted because their claims are time-barred by the statute of limitations. For the following reasons, the Court will grant Defendants' motion for judgment on the pleadings (DN 17).

### I. BACKGROUND

Stoner was an embalmer and funeral director licensed by the Kentucky Board of Embalmers and Funeral Directors ("Board"). (Compl., DN 1, ¶ 8.) He provided embalming, crematory, funeral, and memorial services through his company, Stoner Family. (Compl., DN 1,

---

[1] The Court previously dismissed Defendant Danny L. Percell as a party to this action. (Order, July 29, 2014, DN 23.)
[2] Though Defendants styled this motion (DN 17) as a "Motion to Dismiss," they did not indicate the Federal Rule of Civil Procedure under which the motion was made. The Court will analyze the motion as a Rule 12(c) motion for judgment on the pleadings, rather than a Rule 12(b)(6) motion to dismiss. A motion under Rule 12(b)(6), which raises the defense of failure to state a claim upon which relief may be granted, "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Here, Defendants filed their Answer (DN 14) on December 17, 2013, and later filed this motion (DN 17) on May 27, 2014. Therefore, the motion would be untimely if viewed as a post-answer motion to dismiss under Rule 12(b)(6). However, the defense of failure to state a viable claim may also be raised in a Rule 12(c) motion for judgment on the pleadings. Fed. R. Civ. P. 12(h)(2)(B).

¶¶ 8–10.) Stoner Family maintained an establishment license, which is also subject to the Board's jurisdiction, for Stoner's place of business. (Compl., DN 1, ¶ 14.)

Between October 2010 and September 2011, the Board received numerous consumer complaints about Stoner and Stoner Family. (Compl., DN 1, ¶ 11.) Those complaints asserted that Stoner and Stoner Family had failed to deliver goods after receiving payment and had failed to properly refund payments. (Compl., DN 1, ¶ 11.) Pursuant to 201 KAR 15:080 § 2(2), an embalmer, funeral director, or funeral establishment must file a written response to such a complaint with the Board within twenty days of obtaining notice of the complaint. Stoner and Stoner Family did not file timely responses to the consumer complaints directed against them. (Compl., DN 1, ¶ 11.)

All licenses granted by the Board must be renewed annually. KRS 316.130. Every license issued or renewed by the Board expires on July 31 following the date of its issuance or renewal. KRS 316.130(1). On July 22, 2011, the Board sent Stoner a letter informing him that it would not renew the establishment license for Stoner Family. (Compl., DN 1, ¶ 14; Compl. Ex. 1, DN 1-1.) The Board cited failure to respond to consumer complaints as its reason for not renewing the license. (Compl. Ex. 1, DN 1-1.)

Stoner continued to work as an embalmer and funeral director after being notified that Stone Family no longer held an establishment license. (Compl., DN 1, ¶ 16.) Then, on September 9, 2011, the Board sent Stoner a second letter explaining that it had also declined to renew his embalmer's and funeral director's licenses when it did not renew the establishment license for Stoner Family. (Compl., DN 1, ¶ 17; Compl. Ex. 2, DN 1-2.) The next week, on September 16, Stoner filed an objection to the Board's refusal to renew his licenses.[3] (Resp. to

---

[3] In this section, the Court includes several undisputed facts that Plaintiffs did not properly plead in the Complaint because those facts are significant to the Court's later discussion of Plaintiffs' tolling arguments. Nonetheless, the

Mot. to Dismiss Ex. 1, DN 22-1, Ex. 4.)  On September 19 and 20, 2011, the Board met and voted to deny the issuance of Stoner's "individual license" and an additional establishment license.  (Compl., DN 1, ¶ 18; Compl. Ex. 3, DN 1-3, at 2.)  The Board's meeting minutes do not specify the exact licenses it denied.  (Compl. Ex. 3, DN 1-3, at 2.)  Three days later, on September 23, the Board requested that the Office of the Attorney General of Kentucky assign a hearing officer and schedule a due process hearing for the licensing dispute.  (Mem. in Support of Mot. to Dismiss, DN 17-1, at 4; Resp. to Mot. to Dismiss, DN 22, at 3.)

      Criminal charges, however, disrupted the progress of those administrative proceedings.  On September 28, 2011, the Warren County Grand Jury indicted Stoner on two counts.  (Compl. Ex. 4, DN 1-4.)  The first count charged Stoner with theft by failure to make a required disposition of property, and the second count charged him with impersonating a funeral director.  (Compl. Ex. 4, DN 1-4.)  Nevertheless, on October 7, 2011, Stoner attempted to move forward with the administrative proceedings by filing a Petition for Declaration of Rights and Administrative Appeal in Franklin County Circuit Court.  (Resp. to Mot. to Dismiss Ex. 1, DN 22-1.)  But, on October 12, 2011, the Warren County Grand Jury indicted Stoner on five additional counts of theft by failure to make a required disposition of property.  (Answer Ex. F, DN 14-6.)  After the second indictment, all action related to the administrative proceedings was continued pending resolution of the criminal charges against Stoner.  (Resp. to Mot. to Dismiss, DN 22, at 4.)  Stoner sought that continuance to avoid potential self-incrimination in those proceedings.  (Resp. to Mot. to Dismiss, DN 22, at 4.)  Resolving Stoner's criminal charges has proven to be a slow process, subject to a great deal of rescheduling.  (Resp. to Mot. to Dismiss, DN 22, at 4–5.)  According to the parties' most recent submissions, the Warren County Circuit

---

Complaint does contain the necessary facts for determining whether the claims are time-barred.  (Compl., DN 1, ¶ 18 & at 8.)

Court had selected October 14, 2014, as the trial date for those charges. (Resp. to Mot. to Dismiss, DN 22, at 5.)

Despite those delays, Stoner did conclude the proceedings related to the Board's administrative action. In May 2012, Stoner relocated to Hawaii with no intent to resume practicing as an embalmer or funeral director in Kentucky. (Answer Ex. C, DN 14-3; Agreed Order of Dismissal, Dec. 21, 2012, DN 28-1.) For that reason, on December 21, 2012, the Franklin County Circuit Court dismissed Stoner's declaratory action and administrative appeal by agreed order. (Agreed Order of Dismissal, Dec. 21, 2012, DN 28-1.) Furthermore, on July 17, 2013, Stoner permanently relinquished his embalmer's and funeral director's licenses to the Board. (Answer Ex. C, DN 14-3.)

On July 31, 2013, Plaintiffs filed this action under 42 U.S.C. § 1983, alleging that Defendants—the Board's members who denied renewal of their licenses—acted under color of state law to deprive them of property without due process of law. (Compl., DN 1, ¶ 23.) Defendants now call upon this Court to grant judgment on the pleadings in their favor and dismiss Plaintiffs' Complaint (DN 1) as barred by the statute of limitations. (Mot. to Dismiss, DN 17.)

## II. STANDARD

The Court analyzes a Rule 12(c) motion for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Therefore, to survive a Rule 12(c) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). While "[t]he plausibility standard is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The factual allegations in the complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

When considering a motion for judgment on the pleadings, the court may examine the complaint and its exhibits, public records, items appearing in the record of the case, and documents incorporated by reference into the complaint and central to the claims. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The court must view the complaint in the light most favorable to the nonmoving party, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the nonmoving party's favor. *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). However, the court need not accept as true the nonmoving party's legal conclusions or unwarranted factual allegations. *Id.* The motion may be granted only if the moving party is nevertheless entitled to judgment as a matter of law. *Id.*

### III. DISCUSSION

Asserting that a claim is time-barred by the statute of limitations is an affirmative defense, and "a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). Therefore, a Rule 12(c) motion, which considers only the allegations in the complaint, is often an inappropriate vehicle for dismissing a claim based on the statute of limitations. *See id.* But, when the complaint's

allegations affirmatively show that a claim is time-barred, as they do here, judgment on the pleadings under Rule 12(c) is appropriate. *See id.*

Congress has never established a specific statute of limitations applicable to § 1983 claims. That void requires courts to look for solutions in appropriate or analogous state law, pursuant to the mandate of 42 U.S.C. § 1988. When entertaining § 1983 claims, courts must borrow the state limitation period for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985). "[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249–50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989).

The Kentucky statute of limitations for personal injury actions requires that such an action be commenced within one year after it accrues. KRS 413.140(1)(a). Therefore, § 1983 claims in Kentucky are subject to a one-year limitation period. *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

The parties accept without dispute that Plaintiffs' § 1983 claims accrued on September 19 or 20, 2011, after the Board voted to deny the issuance of the licenses.[4] (Compl., DN 1, ¶ 18; Mem. in Support of Mot. to Dismiss, DN 17-1, at 6; Resp. to Mot. to Dismiss, DN 22, at 10.) Plaintiffs, however, did not file the Complaint in this action until July 31, 2013, (Compl., DN 1, at 8), approximately one year and ten months after the § 1983 claims accrued. Absent some

---

[4] "[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). The limitation period begins to run when the plaintiff knew or should have known of the injury that forms the basis of the claim. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007). The parties accept September 19 or 20, 2011, as the undisputed accrual date. Furthermore, Plaintiffs' improperly pleaded facts contain no alternative accrual date that would make this action timely. Under those facts, Plaintiffs' claims are still time-barred at the latest possible accrual date—October 7, 2011, when they filed a declaratory action and administrative appeal. (Resp. to Mot. to Dismiss Ex. 1, DN 22-1.)

form of tolling, the Complaint's factual allegations clearly show that Plaintiffs' § 1983 claims are time-barred by the one-year limitation period.

Borrowing a state's limitation period "logically include[s] rules of tolling." *Bd. of Regents of the Univ. of the State of N.Y. v. Tomanio*, 446 U.S. 478, 485, 100 S. Ct. 1790, 64 L. Ed. 2d 440 (1980). "In virtually all statutes of limitations the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application." *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 464, 95 S. Ct. 1716, 44 L. Ed. 2d 295 (1975). By incorporating the state limitation period and tolling rules, federal law defers to the state's judgment in balancing the competing policies of enforcement and repose. *Wilson*, 471 U.S. at 271. "Courts thus should not unravel state limitations rules unless their full application would defeat the goals of the federal statute at issue." *Hardin v. Straub*, 490 U.S. 536, 539, 109 S. Ct. 1998, 104 L. Ed. 2d 582 (1989).

Plaintiffs argue that statutory and equitable tolling under Kentucky law permit their § 1983 claims to move forward, avoiding the bar of the one-year limitation period, but many of the facts on which Plaintiffs rely in making those tolling arguments are not pleaded in the Complaint or otherwise presented in a reviewable form. Nevertheless, the Court will briefly address those tolling arguments as if the facts asserted by Plaintiffs, and undisputed by Defendants, are properly pleaded. Even those assumed facts do not establish statutory or equitable tolling of the one-year limitation period.

First, Plaintiffs' statutory tolling argument relies on KRS 413.190(2), which tolls the statute of limitations for personal injury actions based on absconding, concealment, or obstruction. KRS 413.190(2) provides as follows:

> When a cause of action mentioned in KRS 413.090 to 413.160 accrues against a
> resident of this state, and he by absconding or concealing himself or by any other

> indirect means obstructs the prosecution of the action, the time of the continuance of the absence from the state or obstruction shall not be computed as any part of the period within which the action shall be commenced. But this saving shall not prevent the limitation from operating in favor of any other person not so acting, whether he is a necessary party to the action or not.

"[T]his tolling statute is simply a recognition in law of an equitable estoppel or estoppel *in pais* to prevent fraudulent or inequitable application of a statute of limitation." *Munday v. Mayfair Diagnostic Lab.*, 831 S.W.2d 912, 914 (Ky. 1992); *Adams v. Ison*, 249 S.W.2d 791, 793 (Ky. 1952). For tolling under KRS 413.190(2), "'though deception is involved, bad faith, evil design or an intent by the [defendant] to deceive or mislead in the technical sense is not essential.'" *Emberton v. GMRI, Inc.*, 299 S.W.3d 565, 573 (Ky. 2009) (quoting *Adams*, 249 S.W.2d at 793). Rather, the statute requires an affirmative act by the defendant, "which in point of fact misleads or deceives plaintiff and obstructs or prevents him from instituting his suit while he may do so." *Adams*, 249 S.W.2d at 792; *Emberton*, 299 S.W.3d at 573; *Munday*, 831 S.W.2d at 914. That affirmative act may not be assumed in the absence of evidence to support it. *Munday*, 831 S.W.2d at 914. However, an exception to the affirmative-act rule is recognized when the defendant disregards a legal duty to speak or disclose. *Id.* at 915.

Here, Plaintiffs assert that the one-year limitation period for their § 1983 claims became tolled by KRS 413.190(2) on September 28 or October 12, 2011, when the Warren County Grand Jury indicted Stoner. Those criminal charges and repeated delays in the criminal proceedings supposedly obstructed Plaintiffs from pursuing their § 1983 claims because Stoner could not fully participate in the lawsuit without being subject to self-incrimination. Plaintiffs do not allege that Defendants committed any affirmative act or breached any duty to speak or disclose. Instead, Plaintiffs wish to impute the actions of the prosecutors responsible for Stoner's criminal charges to Defendants. But Plaintiffs provide no authority for the proposition that,

under the tolling statute, acts of one state officer may be ascribed to another simply because both derive their power from the same sovereign. Moreover, KRS 413.190(2) focuses on each charged defendant, and it does not toll the limitation period unless that specific defendant acted in an obstructive manner. Accordingly, the Court concludes that Plaintiffs are not entitled to statutory tolling because they allege no affirmative acts of obstruction by Defendants.

Second, Plaintiffs argue that Kentucky's equitable tolling doctrine saves their § 1983 claims. Kentucky courts invoke equitable tolling in limited circumstances where a plaintiff was diligent in pursuing his rights but factors beyond his control prevented the action from being commenced within the limitation period.[5] *See Nanny v. Smith*, 260 S.W.3d 815, 817–18 (Ky. 2008) (holding that a statute of limitations was equitably tolled where the court clerk failed to issue summons within the limitation period for a timely delivered complaint); *Robertson v. Commonwealth*, 177 S.W.3d 789, 792–93 (Ky. 2005) (holding that a limitation period may be equitably tolled where an inmate timely delivered his motion to the prison's legal mail clerk though the motion was not filed with the court until after the limitation period expired), *overruled by Hallum v. Commonwealth*, 347 S.W.3d 55, 58–59 (Ky. 2011) (overruling *Robertson*'s use of equitable tolling after adoption of the prison mailbox rule).

Plaintiffs contend that equitable tolling is warranted because they diligently pursued their rights in state administrative proceedings and state court. Plaintiffs, however, were not required to exhaust available state remedies before invoking the federal remedy under § 1983. *Monroe v. Pape*, 365 U.S. 167, 183, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961). They could have commenced

---

[5] Plaintiffs rely primarily on *Armstrong v. Logsdon*, 469 S.W.2d 342 (Ky. 1971), to argue for equitable tolling. There, the court held that a defendant may bring a time-barred counterclaim arising from the same occurrence as the plaintiff's claim if the limitation period did not expired before the plaintiff filed. *Id.* at 344. But *Armstrong* is distinguishable from this case because no counterclaim is involved here. Plaintiffs simply failed to comply with the limitation period in bringing their initial claims. Much of the remaining authority cited by Plaintiffs comes from states other than Kentucky and has limited utility in making a decision based on Kentucky law.

their § 1983 claims immediately after those claims accrued. Thus, Plaintiffs' active pursuit of state remedies is irrelevant to whether they were diligent in seeking § 1983's federal remedy.

Additionally, Plaintiffs argue that the potential for self-incrimination created by Stoner's criminal charges constituted an uncontrollable factor preventing their § 1983 action from being commenced. While pending criminal charges certainly complicate a § 1983 action, it is "common practice" for a federal court "to stay the civil action until the criminal case or likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393–94, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). Of course, a criminal defendant is not absolved from all other responsibilities the law would otherwise place upon him, including compliance with an applicable statute of limitations. *Id.* at 396; *see also Tomanio*, 446 U.S. at 486–87. A stay permits a criminal defendant, like Stoner, to timely file his claims and avoids the self-incrimination risks of concurrent litigation. Here, Plaintiffs allowed the limitation period on their § 1983 claims to expire without exploring the possibility of a stay. Under these circumstances, the Court concludes that equitable tolling under Kentucky law would be inappropriate.

Even Plaintiffs' improperly pleaded factual allegations do not establish adequate grounds for statutory or equitable tolling. The Court's conclusion that Plaintiffs' § 1983 claims are time-barred on the face of the Complaint is therefore unchanged. Because Plaintiffs have failed to state a claim upon which relief may be granted, Defendants are entitled to judgment on the pleadings.

### IV.     CONCLUSION

For the reasons stated above, the Court will grant Defendants' motion for judgment on the pleadings (DN 17).  A separate order and judgment will be entered this date in accordance with this Memorandum Opinion dismissing the Complaint (DN 1) with prejudice.

November 19, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**